# EXHIBIT "A"



# ANDREW S. MAZE, ESQ., P.C.

ATTORNEY-AT-LAW
302 AMBOY AVENUE
WOODBRIDGE, NEW JERSEY 07095

MazeAndrew@aol.com
Member of NJ, MA & DC Bars

TELEPHONE: (732) 750-5000
FAX: (732) 750-2905

July 23, 2010

HMS Host
Thomas Edison Travel Plaza
NJ Turnpike
Woodbridge, NJ 07095
Attn.: Manager

Re: Rios v. Koala Kare Products, et als
Docket No. L 4885-10

To Whom It May Concern:

Enclosed herein please find a copy of the Summons and Complaint and Demand for Discovery of Insurance Coverage in connection with the above-captioned matter.

Service is being made upon you by virtue of N.J. Rule 4:4-4(a).

Under the Laws of New Jersey, you have thirty-five days in which to file an Answer to said Complaint or a default judgment may be entered against you. I suggest you turn these papers over to your insurance carrier or personal attorney.

Very truly yours,

ANDREW S. MAZE

ASM/dm
Enclosures
Regular and CMRRR – 7007 1490 0002 3144 2431

Attorney(s): Andrew S. Maze, Esq.
Law Firm: Andrew S. Maze, Esq., P.C.
Address: 302 Amboy Avenue
Woodbridge, NJ 07095
Telephone No.: 732-750-5000
Fax: No.: 732-750-2305
Attorney for Plaintiff(s):

| LONDON RIOS, Plaintiff(s) vs. KOALA KARE PRODUCTS, et als Defendant(s) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO. L 4885-10 Civil Action **SUMMONS** |

From the State of New Jersey
To the Defendant(s) Named Above:  HMS HOST, INC.

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the ate you received this summons, not county the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available form the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to a plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: July 22, 2010

_____
Superior Court Clerk  Donald F. Phelan

Name of Defendant to be Served: Manger, HSM Host, Inc.(Thomas Edison Travel Plaza)
Address of the Defendant to be Served: NJ Turnpike, Woodbridge, NJ 07095

**\*105.00 FOR CHANCERY DIVISION CASES OF $110.00 FOR LAW DIVISION CASES**

31 – Summons – Law or Chancery Divisions
Superior Court – Appendix XII-A
Rev.7/01  P 8/01

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com  800-222-0510  Page 1

```
06-06-10;05:11PM;     MIDDLESEX VICINAGE CIVIL DIVISION              ;                    #  5/ 13
          P O BOX 2633
          56 PATERSON STREET
          NEW BRUNSWICK    NJ 08903-2633
```

COURT TELEPHONE NO. (732) 519-3728         TRACK ASSIGNMENT NOTICE
COURT HOURS

              DATE:   JULY 06, 2010
              RE:     RIOS LONDON VS KOALA KARE PRODUCTS
              DOCKET: MID L -004885 10

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON DIANE X. PINCUS

   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT: (732) 519-3745 EXT 3745.

   IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
   PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.
                       ATTENTION:
                              ATT: ANDREW MAZE
                              ANDREW S. MAZE
                              302 AMBOY AVENUE
                              WOODBRIDGE       NJ 07095

JUMHIL0

ANDREW S. MAZE, ESQ., P.C.
302 Amboy Avenue
Woodbridge, NJ 07095
Tel. (732) 750-5000
Attorney for Plaintiff

RECEIVED-FILED
2010 JUL -2 A 9 58
CIVIL OFFICE
MIDDLESEX VICINAGE

---

LONDON RIOS, an infant by her
Guardian ad Litem, ALFREDO RIOS
JR., ALFREDO RIOS, JR.,
Individually and YVONNE RIOS,

    Plaintiffs.

vs.

KOALA KARE PRODUCTS, a
DIVISION OF BOBRICK WASH-
ROOM EQUIPMENT, JOHN DOE
1-5, XYZ CORPORATION 1-10,
HMS HOST, INC., JOHN DOE 6-10
and XYZ CORPORATION 11-20,

    Defendants.

: SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY

: Docket No. MID-L- 4885-10

: Civil Action

: COMPLAINT and JURY DEMAND

---

Plaintiffs, LONDON RIOS, an infant by her Guardian ad Litem, ALFREDO RIOS, JR., ALFREDO RIOS, Jr., Individually and YVONNE RIOS, residing at 912 Imelda Street, Edinburg, Texas, complaining of the defendants herein says:

1. On or about July 8, 2008, the plaintiff, LONDON RIOS, an infant by her Guardian ad Litem, ALFREDO RIOS, JR., was an invitee lawfully and properly on premises known as defendant, HMS HOST, INC., located at the Thomas Edison Travel Plaza, NJ Turnpike Exit 11, in the Township of Woodbridge, County of Middlesex, State of New Jersey.

2. At the time and place aforesaid the defendant, KOALA KARE PRODUCTS, a DIVISION OF BOBRICK WASHROOM EQUIPMENT, JOHN DOE 1-5 and XYZ CORPORATION 1-10, HMS HOST, INC., JOHN DOE 6-10 and XYZ CORPORATION 11-20 owned, leased, managed, maintained, possessed, controlled, cleaned, installed, inspected and repaired the aforesaid premises, particularly the baby seat located in the ladies restroom area.

3. At the aforesaid time and place the defendants, KOALA KARE PRODUCTS, a DIVISION OF BOBRICK WASHROOM EQUIPMENT, JOHN DOE 1-5 and XYZ CORPORATION 1-10, HMS HOST, INC., JOHN DOE 6-10 and XYZ CORPORATION 11-20 so negligently owned, leased, managed, maintained, possessed, controlled, cleaned, installed, inspected and repaired the aforesaid baby seat that while the infant plaintiff, LONDON RIOS, was strapped into the aforesaid baby seat by plaintiff, YVONNE RIOS, and the baby seat gave way, causing the infant plaintiff, LONDON RIOS to fall downward, held in place by the straps, causing the infant plaintiff, LONDON RIOS, to be left hanging by her neck, with the chair straps wrapped around her neck, and the infant plaintiff, LONDON RIOS, was caused to sustain serious personal injuries.

4. As a direct and proximate result of the joint, several and/or individual negligence of the defendants, KOALA KARE PRODUCTS, A DIVISION OF BOBRICK WASHROOM EQIUPMENT, JOHN DOE 1-5, XYZ CORPORATION the infant plaintiff, LONDON RIO an infant by her Guardian ad Litem, ALFREDO RIOS JR., suffered and will suffer past, present, and future pain and suffering she was and will be obliged to spend money for doctor bills, care and medicine all in an effort to

cure and alleviate her injuries, and she was and will be unable to pursue the usual course of her occupation, duties and all normal activities, all to her damage.

WHEREFORE, the plaintiff, LONDON RIOS, an infant by her Guardian ad Litem, ALFREDO RIOS, JR., demands judgment against the defendants, KOALA KARE PRODUCTS, a DIVISON OF BOBRICK WASHROOM EQUIPMENT, JOHN DOE 1-5, XYZ CORPORATION 1-10, HMS HOST, INC., JOHN DOE 6-10 and XYZ CORPORATION 11-20, jointly, severally and/or individually, for money damages plus costs of suit on this Count.

## SECOND COUNT

1. Plaintiff, ALFREDO RIOS, JR., repeats and reiterates each and every allegation contained in the First Count and incorporates them as if set forth herein.

2. Plaintiff, ALFREDO RIOS, JR., is appointed as Guardian ad Litem of the infant plaintiff, LONDON RIOS, and as such is entitled to her services and earnings, until they reach the age of 18 years.

3. As a result of the negligence of the defendants, KOALA KARE PRODUCTS, a DIVISON OF BOBRICK WASHROOM EQUIPMENT, JOHN DOE 1-5, XYZ CORPORATION 1-10, HMS HOST, INC., JOHN DOE 6-10, and XYZ CORPORATION 11-20, the plaintiff, ALFREDO RIOS, JR., was and will be deprived of her services and earnings and is responsible for her doctor, hospital and drug bills.

WHEREFORE, plaintiff, ALFRED RIOS, JR., demands judgment against the defendants, KOALA KARE PRODUCTS, a DIVISON OF BOBRICK WASHROOM EQUIPMENT, JOHN DOE 1-5, XYZ CORPORATION 1-10, HMS HOST, INC.,

JOHN DOE 6-10 and XYZ CORPORATION 11-20, jointly, severally and/or individually for money damages plus costs of suit.

### THIRD COUNT

1. The plaintiff, YVONNE RIOS, repeats and reiterates all of the allegations contained in the First Count and incorporates them as if set forth in full at length herein.

2. The plaintiff, YVONNE RIOS, is the Mother of the infant plaintiff, LONDON RIOS.

3. As a direct and proximate result of the aforesaid negligent of the defendants, KOALA KARE PRODUCTS, a DIVISION OF BOBRICK WASHROOM EQUIPMENT, JOHN DOE 1-5, XYZ CORPORATION 1-10, HMS HOST, INC., JOHN DOE 6-10 and XYZ CORPORATION 11-20 the plaintiff, YVONNE RIOS, was painfully and permanently injured, psychologically.

4. Shortly after the happening of the aforesaid accident, YVONNE RIOS, the Mother of the infant plaintiff, LONDON RIOS, observed the commotion resulting from the accident and found her infant daughter hanging by her neck from the infant child seat, suffering a great deal of pain due to the injuries incurred.

5. As a direct and proximate result of the aforesaid joint, several and/or individual negligence of the defendants, KOALA KARE PRODUCTS, a DIVISION OF BOBRICK WASHROOM EQUIPMENT, JOHN DOE 1-5, XYZ CORPORATION 1-10, HMS HOST, INC., JOHN DOE 6-10 and XYZ CORPORATION 11-20, suffered severe emotional distress requiring psychotherapy and medication and asserts an additional claim under New Jersey Supreme Court decision, in Portee vs. Jaffee, 84 NJ 88 (1980).

6. As a direct and proximate result of the aforesaid joint, several and/or individual negligence of the defendants, KOALA KARE PRODUCTS, a DIVISION OF BOBRICK WASHROOM EQUIPMENT, JOHN DOE 1-5, XYZ CORPORATION 1-10, HMS HOST, INC., JOHN DOE 6-10 and XYZ CORPORATION 11-20, the plaintiff YVONNE RIOS, was permanently injured psychologically and physically and in the future will incur medical expenses in an effort to cure her of these injuries and was otherwise, prevented from attending her regular pursuits, employment, household and motherly duties.

WHEREFORE, the plaintiff, YVONNE RIOS, demands judgment against the defendants, KOALA KARE PRODUCTS, a DIVISION OF BOBRICK WASHROOM EQUIPMENT, JOHN DOE 1-5, XYZ CORPORATION 1-10, HMS HOST, INC., JOHN DOE 6-10 and XYZ CORPORATION 11-20 jointly, severally and/or individually, for damages plus costs of suit on this Count.

### JURY DEMAND

Plaintiffs demands a trial by jury on all of the issues in the within matter.

### DEMAND FOR ANSWERS TO INTERROGATORIES

I hereby make a demand for defendants to Answer form C Interrogatories within the time prescribed by the Rules of the Court.

### DEMAND FOR INSURANCE INFORMATON

Pursuant to R. 4:10-2(b), plaintiff hereby demands production within 30 days of a copy of the contents of any insurance agreement under which the defendants may be covered to satisfy part of all of a judgment which may be entered in the action or to indemnify or reimburse payments

made to satisfy the judgment.

## CERTIFICATION

Andrew S. Maze, of full age, hereby certifies as follows:

1. That the matter in controversy is not the subject of any other action pending in any Court or of a pending Arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

2. I know or no other party or person who should be joined in this action.

3. This certification is made pursuant to Rule 4:5-1.

4. I certify that the foregoing statements made by me are true. I am any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 1, 2010

_____
ANDREW S. MAZE

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐CK ☐CG ☐CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Andrew S. Maze, Esq. | (732) 750-5000 | Middlesex |
| FIRM NAME (if applicable) | | DOCKET NUMBER (when available) |
| Andrew S. Maze, Esq., P.C. | | MID-L- 4885-10 |
| OFFICE ADDRESS | | DOCUMENT TYPE |
| 302 Amboy Avenue | | Complaint |
| Woodbridge, NJ 07095 | | JURY DEMAND ☒YES ☐NO |

NAME OF PARTY (e.g., John Doe, Plaintiff): London Rios, an infant by his w/a/l Alfredo Rios Jr.

CAPTION: Rios v. Koala Kare Products, et als

CASE TYPE NUMBER (See reverse side for listing): 605

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐YES ☒NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐YES ☒NO
IF YES, LIST DOCKET NUMBERS:

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐YES ☒NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐YES ☒NO
IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐YES ☒NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐YES ☒NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐YES ☒NO
IF YES, FOR WHAT LANGUAGE:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE: *Andrew S. Maze*

Revised Effective 4/1/2010, CN 10517

**SIDE 2**      CIVIL CASE INFORMATION STATEMENT
(CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

Track I — 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 899  OTHER (Briefly describe nature of action)

Track II — 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603  AUTO NEGLIGENCE – PERSONAL INJURY
- 605  PERSONAL INJURY
- 610  AUTO-NEGLIGENCE – PROPERTY DAMAGE
- 699  TORT – OTHER

Track III — 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

Track IV — Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

Centrally Managed Litigation (Track IV)
- 280  Zelnorm
- 285  Stryker Trident Hip Implants
- 288  Prudential Tort Litigation

Mass Tort (Track IV)
- 248  CIBA GEIGY
- 266  HORMONE REPLACEMENT THERAPY (HRT)
- 271  ACCUTANE
- 272  BEXTRA/CELEBREX
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 275  ORTHO EVRA
- 277  MAHWAH TOXIC DUMP SITE
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 283  DIGITEK
- 284  NUVARING
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 601  ASBESTOS
- 619  VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."
Please check off each applicable category:   ☐ Verbal Threshold      ☐ Putative Class Action      ☐ Title 59

Revised Effective 4/1/2010, CN 10517

# EXHIBIT "B"

| | |
|---|---|
| LONDON RIOS, an infant by her Guardian and Litem, ALFREDO RIOS, JR., ALFREDO RIOS, JR., individually and YVONNE RIOS<br><br>                        Plaintiffs,<br><br>vs.<br><br>KOALA KARE PRODUCTS, a DIVISION OF BOBRICK WASHROOM EQUIPMENT, JOHN DOE 1-5, XYZ CORPORATION 1-10, HMS HOST, INC., JOHN DOE 6-10 and XYZ CORPORATION 11-20,<br>                        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MIDDLESEX COUNTY<br><br><br>LAW DIVISION<br><br>No.: L-4885-10<br><br>CIVIL ACTION |

## CERTIFICATION OF CONSENT TO REMOVAL OF ACTION TO FEDERAL COURT

I, Brendan Cherry____, the __Vice President_____ for Defendant Koala Kare Products, a Division of Bobrick Washroom Equipment in the above-referenced matter, hereby certify that Koala Kare Products, a Division of Bobrick Washroom Equipment consents to removal of this matter from the Superior Court of New Jersey, Law Division, Middlesex County to the United States District Court for the District of New Jersey.

Date: August 18, 2010

3880088-1